CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 2 5 2008
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PATRICIA H. REYNOLDS, ) | |
| ) | Civil Action No. 7:07CV00586 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | By: Hon. Glen E. Conrad |
| ) | United States District Judge |
| Defendant. ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" as to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Patricia H. Reynolds, was born on September 16, 1959 and eventually completed her high school education. Mrs. Reynolds has been employed as a textile plant production worker, department store clerk, and grocery store deli worker. She last worked on a regular and sustained basis in 2003. On February 16, 2004, plaintiff filed an application for a period of disability and disability insurance benefits. Mrs. Reynolds alleged that she became disabled for all forms of substantial gainful employment on March 23, 2003 due to low back pain, degenerative disc disease, spurs in the lumbar spine, disc herniation, bulging discs, and hypertrophic facet arthritis. Mrs. Reynolds now maintains that she has remained disabled to the present time. The

record reveals that plaintiff met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See gen., 42 U.S.C. § 423.

Mrs. Reynolds' claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated December 29, 2005, the Law Judge also determined that plaintiff was not disabled. The Law Judge ruled that Mrs. Reynolds suffers from obesity, back problems, degenerative disc disease/herniated disc, hypertension, osteoarthritis of the knee, and menopausal syndrome. Because of these impairments, the Law Judge found that plaintiff is disabled for her past relevant work activities. The Law Judge assessed Mrs. Reynolds' residual functional capacity as follows:

> Upon careful consideration of the entire record, including the testimony of the claimant, and consistent with the claimant's activities of daily living, and level of treatment, the undersigned finds that the claimant has the residual functional capacity to perform work activity at the sedentary exertional level, or work that involves lifting no more than 10 pounds at a time. Additionally, she cannot push/pull right knee; needs sit/stand option; opportunity for brief stretch breaks in place; and can occasionally climb, balance, kneel, crouch, crawl and stoop.

(TR 24). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that Mrs. Reynolds retained sufficient functional capacity to perform several specific sedentary work roles existing in significant number in the national economy at all relevant times prior to the date of the Law Judge's opinion. Accordingly, the Law Judge ultimately concluded that Mrs. Reynolds is not disabled, and that she is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(g).

Mrs. Reynolds appealed the Law Judge's decision to the Social Security Administration's Appeals Council. In connection with her appeal, plaintiff submitted new medical evidence which confirmed the existence of a herniated disc. More importantly, the new evidence also indicates that, shortly after the diagnosis was confirmed, Mrs. Reynolds underwent back surgery in an attempt to obtain relief from her subjective symptoms. Nevertheless, the Appeals Council adopted the Law Judge's opinion as the final decision of the Commissioner. The Appeals Council's consideration of the new evidence was limited to the following statement:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council.
>
> We found that this information does not provide a basis for changing the Administrative Law Judge's decision.
>
> The Administrative Law Judge decided your case through December 29, 2005. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before December 29, 2005.
>
> If you want us to consider whether you were disabled after December 29, 2005, you need to apply again. We are returning the evidence to you to use in your new claim.

(TR 7).

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record[1] in this case, the court finds that Mrs. Reynolds has established "good cause" for remand of her case to the Commissioner for further consideration. Stated succinctly, the court is unable to conclude that the Appeals Council's treatment of the medical evidence developed following the issuance of the Law Judge's opinion is supported by substantial evidence. The court believes that the record clearly establishes that plaintiff's back problems began many months before the Law Judge issued her opinion, and that the new evidence is descriptive of plaintiff's musculoskeletal defects as they existed during the earlier period of time. The court also finds that the new evidence lends support to plaintiff's complaints of disabling back pain beginning as early as 2003. Accordingly, the court concludes that Mrs. Reynolds is entitled to reconsideration of her claim for benefits, in light of the more recent medical developments in her case.

It seems that plaintiff injured her back at work in March of 2003. A spiral CT scan of the lumbar spine in June of 2003 revealed diffused bulging with probable disc herniation at L4-5 and degenerative disc disease. (TR 184). There was no suggestion of nerve impingement. Her doctors apparently did not consider the condition to be such as to warrant surgery and, instead, recommended conservative treatment. A follow-up MRI was recommended. Mrs. Reynolds participated in some rehabilitative treatment, although without great success. (TR 546). She also saw a chiropractor for an extended period of time. In February of 2006, an MRI was finally performed less than two months after the Law Judge's decision. It revealed disc herniation with nerve impingement. (TR 554). About two months later, Mrs. Reynolds underwent surgery for a right L4-5 hemilaminectomy, mesial fasciectomy, and discectomy. (TR 552).

---

[1] The new evidence developed subsequent to the Administrative Law Judge's opinion was not included in the original administrative record. However, by way of a supplemental certification filed on May 21, 2008, the new evidence, as well as other more recent exhibits, have been made part of the record before the court.

As noted above, the Appeals Council discounted the more recent medical evidence documenting the diagnosis of nerve impingement and the performance of back surgery. In so doing, the Appeals Council suggested that the new evidence was indicative of medical problems which had developed subsequent to the decision of the Administrative Law Judge. However, in reviewing all of the evidence in the case, the court is simply unable to find any basis in support of the assertion that Mrs. Reynolds' back condition changed to any appreciable degree in the three or four month period following issuance of the Law Judge's opinion on December 29, 2005. In fact, the MRI scan which established a diagnosis of L4-5 disc herniation compressing the descending right L5 nerve root was completed on February 26, 2006, less than two months after the Law Judge rendered her decision. It was the MRI, as well as plaintiff's continuing back discomfort, which ultimately led to the performance of the back surgery. The medical record indicates that efforts had been made to complete an MRI at an earlier period of time, but that plaintiff was unable to tolerate the procedure. (TR 553, 557). Indeed, it was necessary that Mrs. Reynolds be sedated in order to complete the MRI scan in February of 2006. (TR 553). Stated succinctly, there is no evidence which suggests that plaintiff's condition worsened between December 29, 2005 and February 26, 2006. The Appeals Council cited no evidence to support its conclusion that the more recent medical findings do not relate back to the period of time adjudicated by the Administrative Law Judge. It follows that plaintiff has established "good cause" for remand of her case to the Commissioner so that all of the evidence can be considered in determining whether Mrs. Reynolds has met her burden of proof in establishing entitlement to a period of disability and disability insurance benefits.

For the reasons stated, the court is unable to conclude that the Commissioner's treatment of the medical reports submitted to the Social Security Administration's Appeals Council is supported by substantial evidence. The court finds "good cause" for remand of the case to the Commissioner

so that all of the medical evidence may be considered in determining whether plaintiff is entitled to a period of disability and disability insurance benefits based on her application filed on February 16, 2004. An appropriate order of remand will be entered this day. Upon remand, both sides will be allowed to present additional evidence and argument.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 25th day of August, 2008.

_____
United States District Judge